Good morning, your honors. May it please the court. I represent Francisco Louis, convicted of Hobbs Act robbery with firearm and sentenced to 218 months. We raise on appeal a number of issues. First, a pre-indictment pretrial delay issue and a number of evidentiary issues. This case was one of the later COVID impacted cases. Mr. Lewis was brought into federal custody in January of 2021. I have a question. If your client has a speedy trial act problem, does everyone indicted and who went to trial around the same time period have the same problem? No, your honor. The court has in a series of cases talked about the need for case specific findings of interests of justice. We did not have that here. The record is very clear in terms of rulings by the magistrate judge, the difficulty that Mr. Lewis had personally with the continued delays. Can I ask you about that part? Yes, sir. So as I read the statute, it requires a motion to be filed before trial. And I agree it can be done really any time before trial in order to invoke the right or the right as a wave. I believe that's what the statute says. Yes, sir. As I understand it, and correct me if I'm wrong in the procedural posture, your client pro se, at least twice that I can tell, invoked something that I think we would call a speedy trial question, whether it's constitutional or statutory. But neither of those were adopted as best as I can tell by his representation. And under the local rule, they were ignored by the district court filing because they had not been adopted. And in fact, not only were they not adopted, but at the same time that he was filing those things and saying those things, his represented party was actually either agreeing, not opposing or himself moving for a continuance. Yeah, you want those filings and nullities, those pro se filings. Chief Judge Pryor and Judge Luck, you understand the record quite well. Plainly, and we believe this is corroborated. The district judge determined that other counsel needed to be appointed to represent Mr. Lewis. Plainly, there was a disagreement, and Mr. Lewis did everything he could to make certain that his position, the defendant was put on the record. It's not a freddit issue, is it? I mean, this is, as Judge Luck says, the district court basically ignored this, and it seems to me the way to make sense of that from this record is these are pro se filings while he's represented. And Chief Judge Pryor, we agree these are pro se filings on April 16th, and again on April 22, he is represented by court appointed counsel as he's entitled to do. Yeah, so the district court can ignore his pro se filings, can it? Yes, but there seems to be no determination on this record that the district court said, I'm ignoring your filings or asking the trial counsel. Does the local rule require that? In other words, if the local rule said, when this happens, there must be a determination by the district court that it's a nullity or it becomes effective. As I understand the rule, it's not that. The rule is a filing is a nullity if done by a represented party. Do I have that wrong? No doubt, Judge. You understand the rule correctly. So the question begets, and the statute, by the way, that Your Honor Judge Luck first pointed out, 18 USA 3162, says an objection needs to be made prior to entry of a plea. It doesn't say by counsel. It doesn't say by the individual. Yes, we have a local procedural rule, but the statute says the objection needs to be made. Plainly in compliance with the statute, there was an objection. All right. Assume for the moment, no waiver that that has been invoked. And so there's not a preservation issue. So let's take the pre indictment delay under the act. So as best as I can tell, in each instance, the government filed a motion, which specifically said because of issues we're having regarding the pandemic and with the grand jury, we need a continuance. In each instance, it was listed as unopposed and in fact, unopposed. In the first instance, as best as I can tell, the magistrate judges issued a paperless order continuing the arraignment date for continuances two, three and four. There seems to have been a specific discussion on the record in each case, whether in order or at the hearing about, hey, we're moving this because of grand jury issues that we are having. When you take that, what I've just described, plus the court administrative, the court order, the general order that was issued by the chief judge, isn't that, doesn't that meet the individualized determination that we're talking about here? And didn't we say that in, was it the Dunn case from not that long ago? That had also, it was post indictment, I believe there, but had similar delay issues. Your honor, uh, correctly cites us versus Dunn cited by both parties. We believe Dunn is controlling. Dunn says tailored case specific, not grand jury problem, case specific interests and interests of justice findings. So that is though, I mean, in other words, as I understand it, a grand jury, uh, in the November of 20, uh, of 2020. Yes. Um, but there's normally 11 grand juries going simultaneously, but there were only two at the time. And because of that, and because there hadn't been grand jury for about six months, there was an enormous backlog. And because of the pandemic, it was hard to get a quorum for the, even the grand juries that were there. Um, and, and what they're saying is, I think even one of the transcript shows judge, we presented it, we were ready to go, uh, and during the last continuance, but we couldn't get a quorum. I mean, those seem case specific. Are they not? Your honor, the record seems to say not getting a quorum may be case specific because it does say this case was presented or attempted to be presented to grand jury. Grand jurors weren't there. The court really needs to analyze. Does Dunn really mean the backlog is sufficient to waive these statutory and we say constitutional requirements, or does it have to be related to a case? And we posit the view in this trans in this record on this brief that there was nothing said by the United States attorney judge. We tried to get it on this docket or we tried to get her on that docket or our witnesses were not available. Does the record in Dunn though, support that in other words, done look, seem to look at a lot of things. It looked at the general order for the district. It looked at both grand jury and there, it looked at trial issues because they're in the Southern district of Florida. No trial had happened until I think July of 2021, I believe it was. Um, that was the first, and that was only a trial trial before they opened it up widely. Um, and, and then they looked at the specific findings that had been made with regard to each one. They looked at the fact that it was unopposed. We have a lot of those same factors that we seem to look at and done are present here. Um, how do we distinguish those two cases? Simply your honors, the court here found that there were specific case related findings and interests of justice findings. The record here does not support that. And yes, if this court decides a one size fits all delays in the grand jury, we can't get cases there. Then plainly done is brought more broadly construed than the specific language. But the court went to great, we believe lengths in done to make clear that there has to be case specific facts, specific individual, individual specific presentation for this case. And the magistrate judge or the trial judge needs to make that interest of justice finding. We don't have that here. If it's a one size fits all standard under done plainly, this is one of the sizes that fits all. We don't believe that is required by done compelled by done or allowed by done. And the other factors we believe demonstrate that Mr. Lewis did try himself to bring this matter to the court's attention. And I would just note again that the differences between trial between appointed counsel and Mr. Lewis resulted in a new lawyer getting appointed for Mr. Lewis because of difficulty in communicating his desires. We've raised a number of evidentiary issues. The court understands that this case was tried on identification. There are really three aspects of identification that become error in this case. While we challenge the overall sufficiency of the proof of identification in this case, videos, no victim witness identifying Mr. Lewis. And as we've raised in an issue, a witness, police officer detective who was just an after the fact investigating witness was able to say, yes, he appears to be the person described in the video. That seems to be different though than a lot of our case law on these. And I know I've sat on a panel or two where you have the police officer saying, here's a video of the incident and there's the defendant and they're the same person. In other words, it's an identification here. Obviously that couldn't happen since the robber was wearing a mask and your client was wearing a mask. So what the officer said was, as I understand it, the height, weight, features, clothing, a couple other things, appear to be the defendant in the case. The same description was the actual testimony. How is that the kind of identification that we've said is troubling and that requires a sort of weighing balance in those other cases? Yes, your honors. And just to crystallize the point, docket entry 228 pages 105 and 106 is exactly what Chief Judge Pryor commented, quote, appears to fit the description, end quote, as the person depicted on the video surveillance. That was the only in court identification of Mr. Lewis. And I would know, even if that's a problem, why, why isn't all the other evidence of identity enough? I've frankly rarely seen this much evidence of identity in a case. I mean, I could run through it, but I won't because we're running out of time. Why wouldn't that at most be a harmless error? I would certainly note that the argument the government raises is overwhelming evidence, harmless error. Mr. Lewis testified, said didn't do it, had an explanation. Yes, the jury can disregard them. Yeah. No, no. The jury can disbelieve that and take that as in fact, substantive evidence of guilt. Yes, your honor. I would note critically important. We all know the saying, and I know I'm over time, the failure to allow him to try on the shoes, to show that the shoes don't fit, you must acquit was the kind of evidentiary proof when the defendant actually attempted to demonstrate his innocence by testifying, could have been cross-examination. That could have been, should have been, would have been the jury's indication we have the wrong person. For all these reasons, we asked the court to reverse. Okay, Mr. King, you say four minutes. You're not finished. Yes, your honor. Let's hear from Mr. Sena. Good morning, your honors, and may it please the court. Javier Sena on behalf of the United States. I'd like to begin with the pre-indictment speedy trial act issue. Will you tell me why you did not point out the local rule and that these were pro se filings by a represented party? I don't understand why the government, I mean, it kind of leaps out from the record that that's what's going on here, but it didn't appear to be something that you were pointing out to us. When we're trying to figure out whether there's been a good enough record made, you know, we're reviewing a district court where the issue from the district court's perspective wasn't even raised effectively, you know. I'll put an even finer point on it. If you look at Dunn, what happened in Dunn where it was properly raised is the trial judge in that case had an opportunity to then go back over the entire record and wrote an outstanding order, which was complimented by the court, and then used as an alternative basis in which to affirm, even if there had been deficiencies throughout. But we were deprived of that opportunity because of this waiver issue. So I reiterate what the chief judge said. Why is that not a problem and why is this not something that's pressed by the government? So it seems it was simply a foresight that we, or excuse me, we just simply forgot. It's oversight on your part. Yes, your honor. And we apologize for that. This court, of course, is free to determine this case on waiver grounds, but we simply failed to raise it in our brief. This court is correct that under local rule 11.1d4, a pro se motion by a council defendant isn't a valid motion, it's a nullity. And so he's failed to satisfy the act's requirement that he raises it here. Even looking at, so we believe it's waived here, but even looking at the... You're like, I need to know the local rules better than I apologize for that, your honor. I just don't understand why that wasn't raised. I wonder whether you have forfeited the right to raise waiver. So this court can raise forfeited claims on its own. That's what the court said in Campbell and the En Bonne case here. We believe this satisfies the fourth prong of Campbell, which is that the answer is obvious. So this court remains free to raise waiver on its own accord. And let me apologize for the error. There's good reasons, I think, to do it here because again, I mean, this is really unfair to a district court when the issue's not even raised because it very understandably treats these as nullities and had the opportunity to make a record, but was never told that it needed to. I agree, your honor. It's clear that when... In other words, I just want to be... I want to, again, underline this. The concept of the rule actually really isn't a waiver rule. I mean, the implications are, but it's a safe harbor. In other words, the point of the rule is that if there's some error, technical error along the way, a district court is allowed to save the case because of some technical overlook or not using the right, encanting the right words to then go back and to say, here's what happened and here's why it happened. And that way that presents then a record for us to be able to review on appeal. You've deprived not only the district court, but us of the opportunity to sort of take a look. We now have to go through and sort of piece all this together and say, well, this continuance happened for this reason, and the government asked for this, and that's why this one was granted, and this one was contested, and here's why it was contested without having that holistic view that the district court would have. We agree, your honor. We should have raised it in our brief, and I apologize for that. We mentioned the local rule in a footnote, which probably should have been in the main text of the brief, but... Let me ask this. Dunn, is Dunn... Is our obligation under Dunn, again, absent this review that we otherwise would have had, continuance by continuance, or is it Dunn looking at the whole picture for, I guess, the window up until indictment and then the window after indictment? Dunn explains that this court will look at these orders in light of the entire record and Chief Judge Moore's administrative orders. And so I think the court does look order by order, but it looks at that in the context of the record as a whole, and the background of COVID Does that mean if there's a deficiency, like, for instance, the first continuance after the first 30 days is just... There's a very brief two-paragraph government motion, and then a... That says it's unopposed, and then the magistrate, the duty magistrate judge, just enters a paperless order saying it's reset for 30 days, and that's it. If that were alone, we may have a problem there, right? Well, so the first order, actually, in the court's fourth pre-indictment order, it explains that it granted the first three orders based on the coronavirus public emergency. And that's a reference to the Chief Judge Moore's administrative orders. It capitalized the phrase coronavirus public emergency, and Chief Judge Moore's orders are titled coronavirus public emergency, in re coronavirus public emergency. So there is actually more on the record about the first order than sort of our brief seems to suggest. And that's enough, Your Honor. As this court explained in Dunn, looking at this in the context of the administrative orders, the court is referencing the limitations on the grand jury that those orders placed for COVID reasons, for safety reasons, for safety of the grand jury, safety of the lawyers, and the people are appearing before it. And so I think looking at the whole record, the parties were constantly discussing the grand jury limitations, and that was the main reason why there was a problem here. And those limitations were, in fact, established by Chief Judge Moore's orders, and so those orders were clearly the background on which the parties in the court were operating. There seems to be no question that these orders were what they were referring to. When the government mentioned the fourth order in the fourth continuance hearing, the parties all sort of took that at face value. Nobody questioned what those orders said or what they were. And so I think you can look at the first order especially, in light of the whole record, and in light of the fourth continuance order, which is docket entry 24, which explains that was granted because of the coronavirus public emergency. If your honors have no more questions on speedy trial act, I'm happy to move on. I'll quickly refer to my friend on the other side's argument about the law enforcement testimony here. The district court... I just think he's mischaracterized the testimony. I mean, saying that it fits the same general description is not the same thing as saying that's him. I agree, your honor. And this is reviewed for plain error here, and so I don't think there's any problem. If the court has no questions on this or on anything else, I'm happy to press on the briefs. Although it looks like you did briefly raise waiver on page 35 of your red delay between the indictment and the trial, your honor, but not between the arrest and the indictment. Again, this court remains free to raise it on its own accord, but we didn't do that in our brief, and we apologize for that. Okay, Mr. King. Thank you very much. Your honors, referring to the delay issue, I would point out to emphasize in the record three items. First, on March 25th, 2021, at the hearing, the magistrate judge plainly recognized the repeated delays and says, personally, I hope that this is the last continuance. So, the magistrate judge was aware... The problem we have though, Mr. Kuhn, is that, you know, I understand why you're making the argument, and you're court appointed. We appreciate you taking this. You're obliged to make this argument, but, you know, it really feels unfair to be faulting a district court for not making more, as you put it, case-specific findings when the district court had every reason to think this was not an issue. I mean, these were just pro se filings that are local rules that are nullities, and the party's counsel, defense counsel, is not contesting, you know, the speediness of trial. Why should we be faulting a district court in that circumstance? Chief Judge Pryor, I would ask the court to specifically note docket entry 18 and docket entry 237. Mr. Lewis personally, in the presence of all the lawyers, addressed the court and objected. The government then... Defendants say all kinds of things when they're represented by counsel, and that the court, you know, looks to counsel though, in terms of stating the legal position for the defendant. Of course, Judge. The government then responds to Mr. Lewis's objection. That was an adoptive argument to the trial judge, to the judge hearing it, the government understood it, defense counsel did not intercede. But the context there, and I think that the Chief Judge's question asked this before, which is, this came in the context of an unopposed motion to continue. In other words, not only did counsel not adopt it, but counsel affirmatively said, I don't oppose the government's motion. And the government's motion in each instance said, because of the pandemic, we're having trouble finishing the indictment in this case. I'm paraphrasing, but that was the tenor of each of their motions that was unopposed. And so at that point, where it's not affirmatively adopted, and in fact, it's the opposite, they're sort of joining it, or at least not contesting it affirmatively, how then can we say that there's not some sort of waiver issue at that point? The court's understanding of the record is absolutely correct. We say that in the brief, but this is an untested, undecided issue where the defendant personally, in the presence of everybody, raises the issue, and then the parties discuss that objection. We believe the record sufficiently reflects the matter was brought to the attention of the trial judge, and therefore, the done requirements were not met here. For all the reasons cited in the briefs, we ask the court to vacate and reverse. Thank you, Your Honors. Thank you, Mr. Kuhn. Again, thank you for taking the representation and discharging your responsibility this morning. All right, we're going to move to the second case.